UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FERMIN ALDABE,

FERMIN ALDABE, derivatively on behalf of nominal plaintiff, PALMA EFUUS SRL,

FERMIN ALDABE, derivatively on behalf of nominal plaintiff, PALMA EFUUS LTD,

    Plaintiffs,

vs.

TERRACON CONSULTANTS, INC., et al.,

    Defendants.
_____/

Case No.  3:22-cv-326-MMH-MCR

## **DEFENDANT, TERRACON CONSULTANTS, INC'S, MOTION TO DISMISS**

Defendant, Terracon Consultant Inc. ("TCI"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Motion to Dismiss Plaintiffs' Amended Complaint (DE 6) and states as follows:

### **Preliminary Statement**

Since 2016, ESI has been involved in lawsuits with Plaintiff, FERMIN ALDABE ("Plaintiff Aldabe"), in various courts throughout the U.S. for the same contract and the very allegations he has now set forth in the instant action. Plaintiff Aldabe currently has a lawsuit against ESI that is pending in the Circuit Court of the Fourth

Judicial Circuit in and for Duval County, Florida ("State Court Action") before the Honorable Waddell Wallace. Plaintiffs' lawsuit in this Court against TCI must be dismissed with prejudice, as Plaintiffs' claims against TCI are time-barred by Florida's statute of limitations regarding breach of contract and tortious interference because the last operative acts occurred in or before 2016 and Plaintiffs' claims have long since accrued. Additionally, Plaintiffs have not pled as allegations, nor have attached a contract between TCI and PALMA EFUUS SRL. ("Plaintiff Palma SRL") or PALMA EFUUS LTD. ("Plaintiff Palma LTD), and thus, have failed to state a claim for which relief can be granted in favor of Palma SRL or Palma LTD. Similarly, Plaintiff Aldabe filed a shareholder derivative lawsuit, which substantive right is that of the corporation, not of the shareholder, and Plaintiff Aldabe cannot appear in a pro se capacity as representative of either entity. As such, Plaintiff Aldabe is engaged in the unauthorized practice of law before this Court, and his Amended Complaint must be dismissed for failure to state a claim for which relief can be granted in accordance with local rules for the U.S. District Court for the Middle District of Florida, Federal Rules of Civil Procedure, state law, and federal appellate case law.

Lastly, Plaintiffs' Amended Complaint suffers from further pleading deficiencies, as it alleges two counts – breach of contract and tortious interference – but does not separate counts or allegations as it relates to each litigating plaintiff, which impairs TCI from properly responding to the allegations in the Amended Complaint. In essence, the Amended Complaint amounts to a shotgun pleading and

this Court should dismiss it with prejudice. Accordingly, TCI respectfully requests this Motion to Dismiss be granted.

## Statement of Facts

1. Plaintiff Aldabe has brought suit alleging various breaches of contract stemming from agreements entered into between Plaintiff Aldabe and ESI. (DE 6, para. 12). The agreement called for ESI to serve as a validating and verifying body ("VVB") for Plaintiff's project, entitled "Protection of the Amazon Rain Forest II," located in Bolivia (hereinafter referred to as the "Project"). *See* (DE 6-1). No such agreement was entered into between Palma SRL or Palma LTD, and TCI.

2. Since May 2016, over the course of nearly six (6) years in multiple jurisdictions, Plaintiff has filed eight (8) different complaints pertaining to the Project, including six (6) different complaints in the Circuit Court in and for Duval County, Florida. *See* Composite Exhibit A to ESI's Motion to Dismiss (DE 15).[1]

3. Plaintiff Aldabe first alleged claims for breach of contract in the first litigation on May 27, 2016, when Plaintiff Aldabe filed a Complaint in the Middlesex County Superior Court of the Commonwealth of Massachusetts against ESI alleging three (3) counts for loss of goodwill and three (3) counts for breach of contract. *See* Exhibit B to ESI's Motion to Dismiss (DE 15).

---

[1] This Court can take judicial notice of the allegations advanced in complaints in other court actions. Verizon Trademark Servs., LLC v. Producers, Inc., No. 8:10-cv-665-T-33EAJ,2011 U.S. Dist. LEXIS 11659, at *3 (M.D. Fla. Jan. 27, 2011). "It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

4. After motion practice and the ultimate dismissal of the Massachusetts litigation, on or about February 27, 2018, Plaintiff filed a Complaint (the "State Court Action") in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, against ESI and various individuals alleging twelve (12) counts of breach of contract, two (2) counts of the breach of the covenant of good faith and fair dealing, five (5) counts of misrepresentation, two (2) counts of negligence, and one (1) count of tortious interference with business relationships. *See* Exhibit C to ESI's Motion to Dismiss (DE 15).

5. Since then, Plaintiff Aldabe, has filed additional multiple Amended Complaints in the State Court Action against ESI that have been the subject of motion practice. The case is still pending, as Plaintiff Aldabe has filed a Fifth Amended Complaint. *See* Exhibit D to ESI's Motion to Dismiss (DE 15).

6. Critical to the motion, Plaintiff Aldabe's breach of contract claim was first asserted in 2016, while his claim based on tortious interference was first alleged in 2018, although the operative facts were known in 2016.

7. Although Plaintiffs' Amended Complaint at bar fails to identify the dates of the alleged breaches, Plaintiff has alleged in the concurrent litigation that the breaches of contract occurred during or prior to May 2016. *See* Exhibit C, paras. 21-22, of ESI's Motion to Dismiss (DE 15).

8. At latest, the breaches occurred in September 2016, when, as alleged by Plaintiff in the State Court Action, ESI and Plaintiff held a meeting wherein ESI stated that they would not continue to validate the project "unless Plaintiff agreed to hire a

4

forester with expertise in carbon forestry projects to act as an intermediary." *Id.* at 93-98. Plaintiff alleged in the State Court Action that ESI "explicitly defaulted the contract when they refused to continue with validation…." *Id.* at 97-98. The tortious interference claims are likewise based on those same allegations of breach of contract. *Id.* at paras. 168-174

9. Therefore, because the operative facts were known in 2016, and the statute of limitations on those claims began to run at that time, both the breach of contract and tortious interference claims are now time-barred under Florida's statute of limitations laws, pursuant to Fla. Stat. § 95.11.

## MEMORANDUM OF LAW

### I. Standard.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. For a claim to survive, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must state facts sufficient "to state a claim to relief that is plausible on its face." *Id.* at 569. A complaint is insufficient if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, U.S. 544 at 555.

5

Further, in deciding a Rule 12(b)(6) motion, the district court can consider any exhibits attached to the complaint or documents referenced in the pleading that are central to a plaintiff's claim, and any facts that undermine a plaintiff's claim, even those in exhibits and other documents referenced in the complaint. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Exhibits that contradict allegations in the Complaint control the district court's decision. *Id.* Therefore, the sufficiency of Plaintiffs' Amended Complaint is viewed in light of the complaint itself, exhibits, documents incorporated by reference, and matters that are properly judicially noticed. *See Cohen v. NVIDIA Corp.* (*In re NVIDIA Corp. Sec. Litig.*), 768 F.3d 1046, 1051 (9th Cir. 2014).

  **II.** **Plaintiffs' Amended Complaint Fails to State a Claim against TCI and Should be Dismissed with Prejudice because it is Time Barred by Florida's Statute Of Limitations for Breach of Contract and Tortious Interference Claims, There Is No Contractual Privity between Plaintiffs, Palma SRL and Palma LTD, and Plaintiff Aldabe is Engaging in the Unauthorized Practice of Law**

  **A.** **The claims in Plaintiffs' Amended Complaint are time barred by Florida's Statute of Limitations because the operative facts allegedly supporting breach of contract and tortious interference occurred at the latest in 2016, and Plaintiffs' lawsuit against TCI must be dismissed.**

Plaintiffs' Amended Complaint asserts causes of action for Breaches of Contract (Count I) and Tortious Interferences (Count II). Both of these actions are time-barred and must be dismissed with prejudice, because Plaintiffs did not file the instant action until March 21, 2022. *See* (DE 10).

6

Long established Supreme Court precedent holds that "a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law." *Guar. Tr. Co. v. York*, 326 U.S. 99, 110 (1945).  If Plaintiffs April 8, 2022 Amended Complaint would have been barred in state court, then a federal court cannot afford Plaintiffs a recovery. *Id.*

Further, Plaintiffs alleged in the Amended Complaint that this court has diversity jurisdiction. *See* (DE 6, paras. 3-4). A federal court sitting in diversity must apply the substantive law of the state for diversity purposes. *Quality Cleaning Prods. R.C. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 204-205 (1st Cir. 2015). In fact, a state's statute of limitations serves important policies for the state and the federal courts sitting in diversity must apply state law rules to issues regarding time-barred claims, including accrual rules. *Id.*

In evaluating time-barred claims, a complaint is subject to dismissal for failure to state a claim for which relief may be granted if the allegations, show that the relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007). Here, the allegations not only include the words in the Amended Complaint, but exhibits, documents referred to or incorporated by reference, and matters properly judicially noticed. *See Cohen*, 768 F.3d at 105; *Bogie*, 705 F.3d at 609.

In Florida, Section 95.11 of the Florida Statutes provides limitations for all causes of actions originating in the state. *Laronde v. Mason*, No. 3:13cv4/MCR/CJK, 2014 U.S. Dist. LEXIS 36893, at *33 (N.D. Fla. Feb. 13,2014). Under Fla. Stat. § 95.11(2)(b), a claim for breach of a written contract must be made within five years.

> **(2) Within five years.**
> **(b)** A legal or equitable action on a contract, obligation, or liability founded on a written instrument, except for anaction to enforce a claim against a payment bond, which shall be governed by the applicable provisions of paragraph (5)(e), s. 255.05(10), s. 337.18(1), or s. 713.23(1)(e), and except for an action for a deficiency judgment governed by paragraph (5)(h).

*Id.* (bold in original).

Even less time is afforded for tortious interference. Under Florida law, Plaintiffs' claim for Tortious Interference has a statute of limitations of four years. *See* Fla. Stat. § 95.11; *King v. Bencie*, 806 F. App'x 873, 874 (11th Cir. 2020)(district court did not err in granting motion to dismiss on claim for tortious interference with contractual relations in a business relationship because the claim had a four year statute of limitations).

Here, although Plaintiffs' Amended Complaint fails to allege specific dates of the alleged breaches and/or tortious conduct, Plaintiff Aldabe has maintained that ESI breached its contract since the first litigation arising out of the Project back in 2016. *See* Exhibit B to ESI's Motion to Dismiss (DE 15). Indeed, the State Court Action referred to in Plaintiffs' Amended Complaint alleged that the breach of contract and the tortious interference occurred during or prior to May 2016. *See* Exhibit C, paras. 21-22, 168-174, to ESI's Motion to Dismiss (DE 15) . At latest, the

8

breaches occurred in September 2016 when, as alleged by Plaintiff in the State Court Action, ESI and Plaintiff held a meeting wherein ESI stated that they would not continue to validate the project "unless Plaintiff agreed to hire a forester with expertise in carbon forestry projects to act as an intermediary." *Id*. At 93-98. Plaintiff alleged in the State Court Action that ESI "explicitly defaulted the contract when they refused to continue with validation...." *Id*. at 97-98. The tortious interference claims are likewise based on those same allegations of breach of contract. *Id*. at paras. 168-174.

It is now 2022—over five years have passed since Aldabe first filed a lawsuit alleging breach of contract, and the tortious interference claims are based on that breach of contract. Plaintiffs' own Amended Complaint acknowledges that "Plaintiff (the individual) has already brought a lawsuit against Environmental Services Inc. in Circuit Court For Duval County Florida (case number: 16-2018-CA-001258-XXXX-MA) and now brings a lawsuit only against the other two defendants and not against Environmental Services Inc." (DE 6, para. 1). Therefore, it necessarily follows that Plaintiffs are not making new allegations to support non-time barred breach of contract or tortious interference against ESI that have not already been set forth in the State Court Action.

Accordingly, Plaintiffs' claims for breach of contract and tortious interference against TCI are time barred under Florida's statute of limitation law, based upon the allegations incorporated by reference in Plaintiffs Amended Complaint regarding the State Court Action, which are properly judicially noticed, and are incontrovertibly

9

supported by Plaintiffs own concession regarding the operative facts. As such, time has run out on these claims, and this Court must dismiss Plaintiffs' claims against TCI with prejudice.

> **B. Plaintiffs Palma SRL and Palma LTD's claims against TCI must be dismissed with prejudice for failure to state a claim for which relief may be granted because neither entity had a contract with TCI, and Plaintiffs' own exhibits contradict any assertion that Palma SRL or Palma LTD had a contract with TCI**

Plaintiffs attached as exhibits to the Amended Complaint a contract between ESI and Plaintiff Aldabe, initially executed on January 8, 2012, that served as the basis for the Amended Complaint allegations, and their purported claim for relief. *See* DE 6-1, p. 12. Throughout the entire document, reference is made to ESI and Plaintiff Aldabe's contractual relationship. Neither Palma SRL nor Palma LTD is referred to as a party to the contract, and Plaintiff Aldabe, as an individual, claimed that he was the project owner. *See* DE 6-1, p. 12.

Under well-established federal law, a complaint alleging some type of entitlement to relief based upon a contract "must contain sufficient factual details to describe the parameters of the contract before discovery may commence." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). Similarly, it is not enough for a plaintiff to allege that he or she had a contract with the defendant, gave consideration, and the defendant breached the contract. *Id.* Specific facts such as what the nature of the contract was, promises made, consideration, and the specific breach unique to the plaintiff and defendant must be pled in the complaint. *Id.*

10

Further, in diversity cases such as this, the district court must apply federal procedural law and substantive law, and the rules of contract interpretation are substantive. *Hess v. Bresney*, 784 F.3d 1154, 1158 (7th Cir. 2015). Both Plaintiffs Palma SRL and Palma LTD's breach of contract and tortious interference claim are based on a contract that existed only between ESI and Plaintiff Aldabe. Nowhere in the Amended Complaint is there any allegations that any contract existed between Plaintiffs Palma SRL and Palma LTD and TCI, nor can there be.

Even if Plaintiffs Palma SRL and Palma LTD were to make allegations regarding the existence of a contract between the two entities and TCI, those allegations would be incontrovertibly rebutted by the exhibits, documents referred to and incorporated by reference, and by matters properly judicially noticed. *See Cohen*, 768 F.3d at 105; Bogie, 705 F.3d at 609.

Absent a written contract between TCI and Palma SRL or Palma LTD, which could substantively serve as the basis for a breach of contract or tortious interference claim against TCI, Plaintiffs Palma SRL and Palma LTD's claims fail as a matter of law, and this Court should dismiss them with prejudice.

C. **The Amended Complaint amounts to a "Shotgun Pleading "because it fails to comply with the pleading standard of Rule 8**

A shotgun pleading is where it is "virtually impossible" to know what allegations of fact support what claim for relief, on behalf of what plaintiff, and against what defendant. *Barnes v. AstraZeneca Pharm. LP*, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017). Plaintiffs' Amended Complaint qualifies as a "common type" of

11

shotgun pleading, with a long resuscitation of facts, two separate counts, but no specific reference as to how those counts are supported by facts against each defendant, or how each plaintiff has been aggrieved by each defendant resulting in breach of contract or tortious interference by ESI. *See Id.*

Instead of identifying which count or allegations pertains to which defendant, Plaintiffs generally refer to the responsible party as "it." (DE 6, paras. 67-100). Because there are three defendants in this case, it is impossible to tell which counts or allegations pertain to which defendants, and likewise what conduct is attributable to which defendant. By pleading in this fashion, Plaintiffs have failed to meet the minimum pleading standard of Rule 8(a)(2). *See, e.g., Santarsiero v. Martin*, No. 2:20-cv-00435-FtM-29NPM, 2020 U.S. Dist. LEXIS 237961, at *8-9 (M.D. Fla. Dec. 18, 2020) (finding the complaint suffered from a pleading defect where plaintiff generally alleged "defendants," and the court found that "[b]y lumping all the defendants together in [this] claim and providing no factual basis to distinguish their conduct, [the plaintiffs' amended] complaint fail[s] to satisfy this minimum standard [in Rule 8(a)(2)]."), citing to *Pierson v. Orlando Reg'l Healthcare Sys.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009); *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (dismissal appropriate for pleading deficiencies when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain. . .which defendant committed which alleged act.").

12

The Court in *Santarsiero* held that "[e]ach count must identify by name the defendant who is alleged to be liable for the conduct described in the count, and set forth plausible facts showing the liability of each named defendant." *Id.* citing (Fed. R. Civ. P. 8) (citing *Pierson*, 619 F. Supp. 2d at 1273 (stating that Rule 8 requires that a complaint provide fair notice to each defendant of the plaintiff's claim and the grounds upon which it rests).

Here, Count I for Breaches of Contract and Count II for Tortious Interference do not identify which individual party those claims are being made against, yet nearly all of the allegations allege some action by ESI but no allegations concerning TCI beside TCI's acquisition of a portion of the assets of ESI. Within Counts I and II, Plaintiffs vaguely refer to the party at issue as "it" as opposed to directly identifying which party they are referring to. As such, TCI is forced to respond to the Amended Complaint as it is impossible to decipher who Plaintiffs truly intend to lodge these counts against.

The Amended Complaint is also an improper shotgun pleading because it fails to separate each count against each defendant such that the parties can identify who each claim is being asserted against. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a count each cause of action or claim for relief."); *Cruz v. Royal Caribbean Cruises Ltd.*, Civil Action No. 20-20788-Civ, 2020 U.S. Dist. LEXIS 31438, at *1-2 (S.D. Fla. Feb. 24, 2020) (citing *Vibe Micro, Inc. v.*

*Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018)) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").

Accordingly, these counts fail to state a claim for relief for each plaintiff under Rule 8 because they fail to separate counts against each defendant and therefore set forth the claim and any grounds for same. This Court must dismiss these counts against TCI and require Plaintiffs to identify by name which defendant is alleged to be liable and what conduct of that defendant supports such liability, should this Court not dismiss the entire lawsuit against TCI with prejudice on other grounds argued in the instant motion.

### III. Plaintiff Aldabe is engaging in the unauthorized practice of law, as he cannot bring a derivative lawsuit in a pro se capacity as a representative of Palma SRL and Palma LTD, and the Amended Complaint must be dismissed for failure to state a claim for which relief can be granted

Plaintiffs' Amended Complaint preamble indicates that Plaintiff Aldabe is bringing a verified shareholder derivative complaint on behalf of Palma LTD. *See* (DE 6). In Paragraph 2 of the Amended Complaint, Plaintiff Aldabe incorporates Palma SRL. However, not only is Plaintiff Aldabe not properly before this court pursuant to the local rules for the Middle District of Florida, but federal law bars him from appearing as a representative for a corporation, either directly or derivatively, in a lawsuit.

Pursuant to U.S. District Court for the Middle District, Local Rule 2.02(b)(2), "[a] party, other than a natural person, can appear through the lawyer only." *See* Local Rules of The United State District Court for the Middle District of Florida,

revised and effective February 1, 2021. Notwithstanding Plaintiff Aldabe's time-barred claims against TCI, while he can appear individually as a natural person asserting claims against ESI based upon the contract attached as an exhibit to the Amended Complaint, he cannot appear as a representative for the corporations of Palma SRL and Palma LTD, or derivatively as a shareholder for those corporations. Additionally, both federal and Florida state law address this issue. Under Florida state law, Plaintiff Aldabe is violating Florida law that clearly prohibits a corporation from appearing pro se. *See*, e.g., *Szteinbaum v. Kaes Invecsiones Valores*, 476 So. 2d 247 (Fla. 3d DCA 1985) (holding that under Florida law a corporation, as a fictitious entity, may not appear pro se). Accordingly, Fermin Aldabe cannot proceed pro se on behalf of Palma SRL and Palma LTD because proceeding in this matter constitutes the unlicensed practice of law.

In Plaintiffs' Amended Complaint, he pleads 28 U.S.C § 1332 the federal district courts diversity jurisdiction. However, that same U.S. code ensnares Plaintiffs. According to 28 U.S.C. § 1332(c), a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .' 28 U.S.C. § 1332(c). *Pinnavaia v. Moody-Stuart*, No. C 09-03803 CW, 2009 U.S. Dist. LEXIS 115453, at *6(N.D. Cal. Dec. 11, 2009). Moreover, the substantive right to bring a shareholder derivative suit lies with the corporation – Palma SRL and Palma LTD –not with the individual – Plaintiff Aldabe. Id. * 8 (citing *Phillips v. Tobin*, 548 F.2d 408, 411 (9th Cir. 1976)).

As such, this Court must dismiss Plaintiffs Palma SRL and Palma LTD's claims against TCI because they are not properly represented by an attorney that is admitted to membership to practice before the United States District Court for the Middle District of Florida, and Plaintiff Aldabe, in his pro se capacity, is engaging in the unauthorized practice of law on behalf of Palma SRL and Palma LTD. *See generally Am. Univ. of the Caribbean v. Tien*, No. 04-20834-CIV-GOLD/TORRES, 2013 U.S. Dist. LEXIS 201122, at *11-12 (S.D. Fla. Dec. 2, 2013) (citing to numerous cases in support of proposition).

### IV. Plaintiffs have failed to properly serve TCI.

Under Fed. R. Civ. P. 4(h)(1)(B):

A plaintiff may serve a corporate defendant by

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

*Id*. A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated

16

by the corporation under Fla. Stat. 48.091.3; *See* Fla. Stat. § 48.081. *Kennedy v. Orltel, LLC*, No. 6:17-cv-2014-Orl-37TBS, 2018 U.S. Dist. LEXIS 36160, at *3-4 (M.D. Fla. Feb. 16, 2018).

On May 31, 2022, Plaintiffs filed their Proof of Service for Defendant TCI. *See* (DE 9). The Proof of Service lists Aldabe's wife, Elizabeth Braun de Aldabe as the server.

As a threshold matter, Plaintiffs have failed to properly serve TCI and the Proof of Service is deficient on its face. The Proof of Service fails to indicate the date of the service. *See* (DE 9). Furthermore, by having Aldabe's wife act as the sever, Plaintiffs have failed to comply with Florida Rule of Civil Procedure 1.070, which reads:

> **(b) Service; By Whom Made**. Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person ***not interested in the action*** to serve the process. When so appointed, the person serving process shall make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service shall not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service. Fla. R. Civ. P. 1.070 (Emphasis added).

Here, Elizabeth Braun de Aldabe is clearly an interested party and as such is unqualified under Rule 1.070 to make service of process upon TCI and attest to same. Accordingly, Plaintiffs have failed to properly serve TCI with this suit.

## Conclusion

Plaintiffs Amended Complaint should be dismissed on several grounds. It is nothing more than a shotgun pleading with claims that are time-barred, improperly

pled, lacking legal basis and absence of contract, and are improperly bought before this Court in contrivance of federal and Florida state law.

Plaintiffs have set forth a deficient pleading which improperly lumps all defendants together and fails to identify which parties each count is being brought against. Plaintiffs have further not produced any contract supporting any claims for breach of contract or tortious interference against TCI on behalf of Palma SRL and LTD, and Plaintiff Aldabe, in his pro se capacity, is barred from bringing any claims on behalf of the corporate entities, individually or derivatively, and has therefore engaged in the unauthorized practice of law by representing a corporation pro se.

WHEREFORE, TCI respectfully requests this Court dismiss the Amended Complaint against it with prejudice.

Respectfully submitted this 15th day of June, 2022.

**WRIGHT, FULFORD, MOORHEAD& BROWN, P.A.**

*/s/ Curtis L. Brown*
**CURTIS L. BROWN, ESQUIRE**
Florida Bar Number:  856312
505 Maitland Avenue, Suite 1000
Altamonte Springs, Florida 32701
cbrown@wfmblaw.com
khartin@wfmblaw.com
Telephone: 407.425.0234
*Attorneys for Terracon Consultants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 15, 2022 I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on

18

the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Fermin Aldabe<br>22 Eaton Road<br>Lexington, MA 02420<br>Telephone: 617.785.5445<br>fermin_aldabe@yahoo.com<br>*Pro Se Plaintiff* | Jerry D. Hamilton, Esq.<br>jhamilton@hamiltonmillerlaw.com<br>Derrick M. Kelly, Esq.<br>dkelly@hamiltonmillerlaw.com<br>Annalisa Gutierrez, Esq.<br>agutierrez@hamiltonmillerlaw.com<br>Samantha Loveland, Esq.<br>sloveland@hamiltonmillerlaw.com<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 Southeast Second Avenues, Suite 1200<br>Miami, Florida 33131<br>*Attorneys for Defendant, Environmental Services, Inc.* |