UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FERMIN ALDABE,

    Plaintiff,

vs.

                                Case No. 3:22-cv-326-MMH-MCR

ASTER GLOBAL
ENVIRONMENTAL SOLUTIONS,
INC., et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 110; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 26, 2024. In the Report, Judge Richardson recommends that Plaintiff's Motion for Leave to Amend the Complaint (Doc. 97; Motion) and Request for Oral Argument (Doc. 105) be denied, and the case be dismissed with prejudice. See Report at 2, 17. On August 8, 2024, Plaintiff, Fermin Aldabe, filed objections to the Report. See Plaintiff's Objections to the Report and Recommendation (Doc. 113; Objections). Two Defendants, Aster Global Environmental Solutions (Aster) and Environmental Services, Inc. (ESI), filed Responses to Aldabe's Objections on August 22, 2024. See Defendant Aster Global Environmental Solutions, Inc.'s Response in

-1-

Opposition to Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 114; Aster's Response) and Defendant's Response in Opposition to Plaintiff's Objection to the Report and Recommendation (Doc. 116; ESI's Response). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge as to Section I, the introduction to Section II,[2] and Section II.A., in part. In particular, as to Section II.A., the Court accepts and adopts the recommended legal and factual conclusions regarding Aldabe's failure to adequately allege diversity jurisdiction. In addition, the Court emphasizes that Aldabe, a pro se litigant, was twice put on notice as to his burden to allege the citizenship of each party to this action. See Order (Doc. 4; Order Striking the Complaint) at 1–5; Report at 6–9. Despite being advised of his burden and having been given ample opportunity to file a complaint that satisfies all pleading requirements, Aldabe fails in both his Motion and in his Objections to give the Court sufficient information to determine the citizenship of each party.[3]

---

[2] The Court reads the citation to "Hughes v. Rowe, 448 U.S. 5, 9 (1980) (per curiam)" on page 4 of the Report as citing "Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (internal quotation marks and quoted authority omitted)."

[3] In an earlier pleading, Aldabe did allege his own citizenship as well as that of Defendants Aster and ESI. See Verified Shareholder Derivative Complaint (Doc. 6; First Amended Complaint) ¶ 3. But even if the Court could consider the allegations in a stricken document, the allegations are insufficient to establish diversity jurisdiction over this action in light of Aldabe's proposed Third Amended Complaint because Aldabe includes three additional defendants but fails to identify their citizenship. See generally Motion.

In his Objections, Aldabe states as to the new Defendants that "McMahon is in Ohio while Verra and ANSI are in Washington DC." Objections at 18. This statement is insufficient

However, the Court sustains Aldabe's objection to the recommendation that this action be dismissed with prejudice. See Hakki v. Sec'y, Dep't of Veterans Affairs, 7 F.4th 1012, 1023 (11th Cir. 2021) ("'A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.'") (quoting Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008)). Instead, finding that Aldabe has failed to adequately allege a basis for the Court to exercise subject-matter jurisdiction over this action, the Court will dismiss the action without prejudice.

Accordingly, it is hereby

**ORDERED:**

1. Aldabe's Objections to the Report and Recommendation (Doc. 113) are **SUSTAINED** only to the extent that Aldabe objects to the Magistrate Judge's recommendation that this action be dismissed with prejudice. In all other respects, the Objections are **OVERRULED**.

---

for the Court to determine the citizenship of these new parties. See Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Aldabe also includes as an exhibit a 2018 affidavit by McMahon, in which she states that she is domiciled in Ohio and has been a resident there for over ten years. Objections at 218–20. But where she lived in 2018 is not relevant to her citizenship given that Aldabe did not seek to add her as a party to this action until December 2023. And of course, there are still no allegations as to Verra or ANSI's citizenships.

-4-

2. The Magistrate Judge's Report and Recommendation (Doc. 110) is **ADOPTED IN PART** as the opinion of the Court.

   A. The Report is **ADOPTED** as to Section I and the introduction to Section II.

   B. The Report is **ADOPTED** as to Section II.A. to the extent the Magistrate Judge recommends dismissing this action because Aldabe fails to allege facts to establish diversity jurisdiction over this action.

3. Aldabe's Motion for Leave to Amend the Complaint (Doc. 97) is **DENIED**.

4. Aldabe's Request for Oral Argument (Doc. 105) is **DENIED**.

5. This case is **DISMISSED without prejudice**.

6. The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of November, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:

Counsel of Record
Pro Se Party